UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:17-CV-00029-RJC

| | |
|---|---|
| BRUCE H. HONEYCUTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 10); Plaintiff's Memorandum in Support, (Doc. No. 11); Defendant's Motion for Summary Judgment, (Doc. No. 12); and Defendant's Memorandum in Support, (Doc. No. 13). The motions are ripe for adjudication.

**I.  BACKGROUND**

A.  Procedural Background

Bruce H. Honeycutt ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of his social security claim. Plaintiff filed an application for a period of disability and disability insurance benefits an on March 27, 2013, alleging an onset date of May 21, 2011. (Doc. Nos. 9 to 9-2: Administrative Record ("Tr.") at 55, 138-141). His applications were denied first on July 10, 2013, and again on November 7, 2013 upon reconsideration. (Tr. 22, 69, 79). Plaintiff filed a timely request for a hearing on December 18, 2013, (Tr. 87), and an administrative hearing was held by an administrative law judge ("ALJ") for the Social Security Administration on September 9, 2015. (Id. at 524–50).

1

Following this hearing, the ALJ found that Plaintiff was not disabled. (Id. 22–37). Plaintiff requested a review of the ALJ's decision on December 2, 2015, (Tr. 17–18), but on December 13, 2016, the Appeals Council denied Plaintiff's request for a review. (Id. at 1–5). Plaintiff exhausted his administrative remedies and this case is now before the Court for disposition of the parties' cross-motions for summary judgment. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), and Plaintiff's Memorandum in Support, (Doc. No. 11), were filed on July 14, 2017. Defendant's Motion for Summary Judgment, (Doc. No. 12) and Memorandum in Support, (Doc. No. 13), were filed on September 12, 2017.

B. Factual Background

The question before the ALJ was whether Plaintiff was disabled under sections 216(i), 223(d) of the Social Security Act ("SSA"). (Tr. 22). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n5 (1987). Plaintiff alleges that his disability began on May 21, 2011 due to Hepatitis C; depression; anxiety; diabetes, abdominal pain; neuropathy; suicidal ideations, hallucination, and hearing voices; severe joint and body pain; damage to the liver; and lack of sleep. (Tr. 153).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 33). In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The five steps are:

---

[1] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

2

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 32–33).

In reaching his decision, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity from May 21, 2011, the alleged onset date, through his date last insured, December 31, 2012. (Tr. 24). At the second step, the ALJ found that the Plaintiff had the following severe impairments: "degenerative joint disease, major depressive disorder, anxiety disorder, type II diabetes mellitus, COPD, diverticulitis, and history of substance abuse." (Id.). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." (Tr. 25–27).

Subsequently, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "medium work" as defined by 20 C.F.R. 404.1567(c). (Tr. 27). The RFC also stated that Plaintiff "needed to avoid concentrated exposure of environmental pollutants" and that, "[d]ue to his mental impairments, he was limited to simple, routine tasks with only occasional contact with the public." (Id.). When making this finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence…." (Id.). The ALJ further opined that he "considered

opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Id.). Using this RFC, the ALJ found at the fourth step that Plaintiff could not perform his past relevant work. (Tr. 32). At the final step, however, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 32–33).

Plaintiff now appears before this Court, arguing that the ALJ failed to give a full function-by-function analysis of the nonexertional mental functions associated with Plaintiff's mental impairments. (Doc. No. 11 at 5). Plaintiff also argues that the ALJ failed to give legally sufficient reasons supported by substantial evidence for finding Plaintiff's testimony less than credible. (Id.).

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g) and 1382(c).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has

4

been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence….").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff argues that the ALJ erred in determining his mental RFC when, in the face of his moderate limitation in concentration, persistence or pace ("CPP"), the ALJ did not discuss Plaintiff's ability to stay on task. (Doc. No. 11 at 6–8). The Court agrees.

"[T]he ability to perform simple tasks differs from the ability to stay on task." Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). "Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. As a result, Mascio stands for the rule that an ALJ must either adopt a limitation that addresses a claimant's ability to stay on task or explain why such a limitation is unnecessary, even in the face of the claimants CPP limitations. Grant v. Colvin, No. 1:15CV00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016). While

Mascio held that a limitation to simple tasks does not address a claimant's ability to stay on task, other limitations, such as non-production pace jobs, can.[2]

Here, the ALJ assigned Plaintiff a moderate limitation in CPP but limits Plaintiff to simple, routine tasks in the RFC. (Tr. 27). On its face, the RFC fails to address Plaintiff's ability to stay on task. The limitation of "only occasional contact with the public" addresses Plaintiff's limitations in social interaction, not CPP.[3] Therefore, the Court must look to the ALJ's decision to determine if he adequately explained why Plaintiff did not require a limitation addressing the ability to stay on task. In doing so, the Court finds that the ALJ found Plaintiff's anxiety and depression to subside with his latest combination of medication. (Tr. 31). The ALJ also noted that Plaintiff's sleep patterns were improving. (Id.). However, the Court finds no discussion about Plaintiff's concentration or his ability to stay on task for a full work day and work week. The closest the ALJ came was to say he gave "some weight" to Dr. Whitaker's opinion which found no limitations in Plaintiff's ability to perform work activity. (Id.). This weight assessment, though, was not followed by a discussion of Plaintiff's ability to concentrate for a full work day. Rather, the ALJ stated, "Again, I have found that [Plaintiff] would have some limitations as outlined in

---

[2] See Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017); Jarek v. Colvin, 3:14-CV-620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015) adopted by 2016 WL 626566 (W.D.N.C. Feb. 16, 2016) aff'd by 2017 WL 129024 (4th Cir. 2017); Gordon v. Berryhill, No. 3:16-cv-130, 2017 WL 5759940, 2017 U.S. Dist. LEXIS 195089, at *6–7 (W.D.N.C. Nov. 28, 2017); White v. Colvin, No. 1:14-CV-161-RLV, 2016 WL 1600313 (W.D.N.C. Apr. 21, 2016); Horning v. Colvin, No. 3:14-CV-722-RJC, 2016 WL 1123103 (W.D.N.C. Mar. 21, 2016); Linares v. Colvin, No. 5:14-cv-120-GCM, 2015 U.S. Dist. LEXIS 93291, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015).

[3] See Smith v. Berryhill, No. 1:16-CV-00263-MR, 2017 WL 4295224, at *3 (W.D.N.C. Sept. 27, 2017) ("The ALJ considered Plaintiff's limited social interaction and concluded that she should have no more than occasional contact with the public, co-workers, and supervisors. … The ALJ properly accounted for these limitations."); Franklin v. Colvin, No. 514CV00084MOCDLH, 2016 WL 1724359, at *6 (W.D.N.C. Apr. 29, 2016) ("While a limitation restricting interaction with the public might account for Plaintiff's moderate difficulties in social functioning … it is unclear how it would account for difficulties with concentration, persistence, or pace.").

the residual functional capacity above." (Id.). After noting Plaintiff's problems with "memory, completing tasks, and concentrating" during Step Three, the RFC analysis fails to address those effects. (Tr. 27). Furthermore, where state agency consultants found insufficient evidence to establish a severe mental impairment, the ALJ gave Plaintiff "the benefit of the doubt" and found severe impairments. (Tr. 26). If the ALJ affords such a benefit, he must then follow through explaining the severe impairments afforded to Plaintiff and why they do not warrant further limitation in the RFC.

Plaintiff may very well have the ability to stay on task for a full work day. However, Mascio mandates a discussion of why a limitation addressing the ability to stay on task was not adopted. The ALJ's opinion lacks such a discussion.

## IV. CONCLUSION

Because the ALJ did not assign Plaintiff a limitation addressing the ability to stay on task in light of a moderate limitation in CPP, he was then obligated to explain why Plaintiff did not require such a limitation. Such an explanation is missing in the ALJ's decision, warranting remand under Sentence Four of 42 U.S.C. § 405(g). On remand, the ALJ should more fully explain Plaintiff's ability to stay on task. The Court remands this case on Plaintiff's first issue, but the ALJ should further note Plaintiff's other objections to his decision upon reconsideration.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**; and
2. Defendant's Motion for Summary Judgment, (Doc. No. 12), is **DENIED**.

Signed: March 30, 2018

Robert J. Conrad, Jr.
United States District Judge